GARY M. RESTAINO
United States Attorney
District of Arizona
KELLY CAVANAUGH
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: kelly.cavanaugh@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 23-00814-RM |
| Plaintiff, | |
| vs. | UNITED STATES SENTENCING MEMORANDUM |
| Williams Mora Bustamante, | |
| Defendant. | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT**    **12 months**

**SUPERVISED RELEASE**        **3 years**

**SPECIAL ASSESSMENT**        **$100.00**

The United States Probation Office (USPO) has prepared a presentence investigation report (PSR) in this case.  The United States agrees with most of the factual and legal findings of the USPO.  The defendant has a plea agreement with the United States where the parties have agreed on certain U.S.S.C. Guidelines calculations, see Docket 22.

**I.    BACKGROUND**

**A.    Investigation and Arrest[1]**

On several dates in 2021, the defendant purchased firearms using a false address on the forms provided by federally licensed firearms dealers.

**II.    GUIDELINE APPLICATIONS**

**A.    Offense Level**

**1.    Offense level calculation**

The USPO has calculated the defendant's base offense level at 12.  The United States agrees with this calculation.

**2.    Number of firearms**

Due to the number of firearms the USPO has calculated a four-level increase to the base offense level, the United States agrees with this calculation.

**3.    Criminal history category**

The USPO has calculated that the defendant's criminal history is a category I.  The United States agrees with this calculation.

**B.    Acceptance of Responsibility**

U.S.S.G. § 3E1.1 allows for up to a three-point decrease to the defendant's criminal offense level for acceptance of responsibility, but a two-level decrease when the base offense level is less than 16.  The defendant pled guilty and agreed to the facts which constitute the essential elements in the count of conviction.  Due to the defendant's base offense level, the government recommends the three-point decrease for the defendant's criminal offense level for acceptance of responsibility.

**C.    Total Offense Level**

---

[1] The facts set forth herein are a summary of facts previously provided in the defendant's plea agreement, PSR, and police reports.

The United States recommends a finding of a total offense level of 13, with a criminal history category of I.   The U.S.S.G. range is 12 to 18 months months imprisonment followed by three years of supervised release.

The parties plea agreement contains a stipulation that the ultimate sentence will not exceed the low end of the applicable U.S.S.G. range.

**D.    Total Sentence Recommendation**

The United States recommends a sentence of 12 months imprisonment, followed by three years of supervised release.

**III.    WITNESSES**

The United States does not intend to call any witnesses in aid of sentencing.

**IV.    FORFEITURE**

The defendant has agreed to a forfeiture money judgment of $20,431.92 in United States currency.

**V.    APPLICATION OF 18 U.S.C. § 3553(a)**

The crime itself and the history of the defendant are facts the Court must consider when fashioning an appropriate sentence for the defendant.  An application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence of 12 months imprisonment followed by three years of supervised release.

**A.    The nature and circumstances of the offense**

The defendant purchased several firearms and provided false information on a form provided by a federally licensed firearm dealer.

**B.    The history and characteristics of the defendant**

The defendant is 25 years old.  He does not have any prior criminal history.

**C.    Respect for the law**

The defendant knowingly purchased firearms while giving false information on the necessary forms.  This activity was a lack of respect for the firearms laws in the United States.

**D.    The need to provide just punishment for the offense**

The United States strives for consistency with its sentencing recommendations. The Guidelines are not a perfect system, but they provide sentencing ranges for individuals charged with similar crimes that may have similar backgrounds.

The United States has recommended a sentence within the U.S.S.G. range found by the USPO in the PSR and recommended a sentence consistent with the language in the parties' plea agreement.

**VI.    CONCLUSION**

Based on the above mentioned 18 U.S.C. § 3553(a) factors, the government recommends a sentence of 12 months imprisonment, followed by a term of three years of supervised release.

RESPECTFULLY SUBMITTED this 14th day of March 2024, in Tucson, Arizona.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Kelly Cavanaugh*

KELLY CAVANAUGH
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 14th day of March 2024, to:

All ECF Participants